IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| IN RE: | |
| | Case No. 12-22963-JFS |
| **GORDON INSTITUTE FOR SPORTS PERFORMANCE, LLC** | |
| | Chapter 7 |
| Debtor. | |

\* \* \* \* \* \* \*   \* \* \* \* \* \*

| | |
|---|---|
| IN RE: | |
| | |
| **GORDON, ERIC MYLES,** | Case No. 12-24723-JFS |
| and | (Jointly Administered Under |
| **GORDON, LAURIE LITZ,** | Case No. 12-22963-JFS) |
| | |
| Debtors. | Chapter 7 |

\* \* \* \* \* \* \*   \* \* \* \* \* \*

| | |
|---|---|
| RICHARD M. KREMEN, Trustee, | |
| | Adv. Proc. No. 14-00055-JFS |
| Plaintiff, | |
| | |
| v. | |
| | |
| ERIC MYLES GORDON, et al., | |
| | |
| Defendants. | |

\* \* \* \* \* \* \*   \* \* \* \* \*

| | |
|---|---|
| RICHARD M. KREMEN, Chapter 7 Trustee | |
| | |
| Plaintiff, | |
| | |
| v. | Adv. Proc. No. 14-00296-JFS |
| | |
| SALEH STEVENS, et al. | |
| | |
| Defendants. | |

\* \* \* \* \* \* \* \*   \* \* \* \* \* \*

## MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

NOW COMES, Richard M. Kremen, the Chapter 7 for the bankruptcy estates of Eric Myles Gordon, Laurie Litz Gordon and the Gordon Institute for Sports Performance, LLC ("Trustee Kremen"), and files his *Motion for Approval of Settlement Agreement* (the "Motion") pursuant to Bankruptcy Rule 9019(a), and in support thereof, states as follows:

### The Background

1. On July 13, 2012, Gordon Institute for Sports Performance ("GISP") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, Case No. 12-22963-JFS.

2. On August 9, 2012 (the "Gordons' Petition Date"), Eric Myles Gordon ("Mr. Gordon") and Laurie Litz Gordon ("Mrs. Gordon" and collectively with Mr. Gordon, the "Gordons") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Michael G. Rinn ("Trustee Rinn") was initially appointed as the Chapter 7 Trustee.

3. On August 22, 2012, GISP's bankruptcy case was converted to Chapter 7. Lori Simpson was initially appointed as the Chapter 7 Trustee.

4. On October 15, 2012, the Court entered an Order granting the joint administration of the Debtors' cases under Case No. 12-22963-JFS.

5. On June 29, 2013, Trustee Rinn passed away and, on July 2, 2013, Trustee Kremen was appointed successor Chapter 7 Trustee for the Gordons' bankruptcy estate.

6. On January 15, 2014, upon the resignation of Trustee Simpson, Trustee Kremen was appointed as successor Trustee of the GISP Bankruptcy Estate and is currently acting that capacity.[1]

---

[1] The Gordons and GISP shall collectively be referred to herein as the "Debtors".

7. On January 29, 2014, Trustee Kremen filed his *Complaint for (i) Declaratory Judgment; (ii) Conversion; (iii) Turnover; and (iv) Accounting of Property of the Bankruptcy Estates*, Adversary Proceeding No. 14-00055-JFS, against the Gordons, RHSI, LLC ("RHSI"), and Gordon Institute for Human Performance, LLC ("GIHP"). The Complaint alleges that the Gordons, RHSI and GIHP engaged in certain activities and hid assets from creditors in order to, among other things (a) help Saleh Stevens ("Mr. Stevens") launder funds; (b) profit from this laundering scheme; (c) divert receivables due and owing to GISP and/or GIHP for the Gordons' personal benefit; and (d) otherwise improperly divert funds into and out of the bank accounts of RHSI for the Gordons' personal benefit in order to shield the Debtors' assets from their creditors ("Adversary Proceeding No. 1").

8. On May 21, 2014, Trustee Kremen filed his *Complaint to Avoid and Recover Fraudulent Transfers*, Adversary Proceeding No. 14-00296-JFS, against Mr. Stevens, Bobbie Stevens Property, LLC ("BSP") and Mr. Gordon with respect to various transfers between Mr. Stevens and/or BSP and GISP and/or GIHP, an alter ego of the Gordons ("Adversary Proceeding No. 2").[2]

9. In Adversary Proceeding No. 1, Trustee Kremen has alleged that GIHP and RHSI are alter egos of the Gordons and that they have converted property of the Bankruptcy Estates. Additionally, Trustee Kremen has sought the turnover of the converted property of the Bankruptcy Estates pursuant to § 542 of the Bankruptcy Code.

10. In Adversary Proceeding No. 2, pursuant to §§ 544, 548, and 550 of the Bankruptcy Code and Section 15-201 et seq. of the Commercial Law Article of the Annotated Code of Maryland, Trustee Kremen contends that various transfers from GIHP and GISP to Mr.

---

[2] Adversary Proceeding No. 1 and Adversary Proceeding No. 2 shall collectively be referred to herein as the "Adversary Proceedings".

Stevens and/or BSP constitute fraudulent transfers (the "Transfers") and may be avoided and recovered by Trustee Kremen (the "Avoidance Claims").

11. Rather than incur the costs of litigating the Adversary Proceedings, the Gordons and Trustee Kremen have entered into a Settlement Agreement.

12. Additionally, the Gordons, after consultation with counsel, have acknowledged that they understand that a federal bankruptcy court might find that the Gordons' conduct underlying the causes of action in the Adversary proceedings was fraudulent such that the Gordons' obligation to pay the Settlement Amount (as defined below) pursuant to the Settlement Agreement would be nondischargeable pursuant to 11 U.S.C. § 523. The Gordons also have agreed, after consultation with counsel, that the amount payable under the Settlement Agreement (100% percent as to Mr. Gordon and a portion thereof with respect to Mrs. Gordon) shall be deemed nondischargeable pursuant to 11 U.S.C. § 523.

## The Settlement

13. Trustee Kremen and the Gordons have entered into a Settlement Agreement to memorialize their agreement. The Settlement Agreement is attached hereto as **EXHIBIT A.**

14. Pursuant to the Settlement Agreement, the Gordons shall pay to Trustee Kremen the sum of two hundred thousand dollars ($200,000.00) (the "Settlement Amount") as payment in full settlement of the Adversary Proceedings.

15. Pursuant to the Settlement Agreement, the Settlement Amount shall be paid over three (3) years at an interest rate of five percent (5%). Interest only payments shall be paid to Trustee Kremen commencing on the three (3) month anniversary of the execution of the Settlement Agreement, and shall be due and payable on the first (1st) day of each quarter thereafter until the Settlement Amount is paid in full (collectively the "Interest Payments"). The

principal of the Settlement Amount shall be due and payable on the third (3rd) anniversary of the execution of the Settlement Agreement.

16. Each payment due under the Settlement Agreement shall be paid by bank check made payable to "Richard M. Kremen, Trustee" and shall be delivered to Richard M. Kremen, Trustee, c/o DLA Piper LLP (US), The Marbury Building at 6225 Smith Avenue, Baltimore, Maryland 21209-3600.

17. Pursuant to the Settlement Agreement, failure to make any Interest Payment or payment of the Settlement Amount due under the Settlement Agreement constitutes an event of default under the Agreement (the "Event of Default").

18. In the event that the Gordons fail to make a payment in accordance with the Settlement Agreement, Trustee Kremen shall give written notice of the Event of Default to the Gordons who will have ten (10) days to cure the Event of Default (the "Cure Period").

19. As set forth in the Settlement Agreement, pursuant to the Stipulation and Consent Order Waiving Discharge of Debtor entered in Case No. 12-22963-JFS [Dkt. No. 111], Mr. Gordon has waived his discharge in the bankruptcy case. Thus, the entire Settlement Amount as to Mr. Gordon is nondischargeable.

20. Pursuant to the Settlement Agreement, with respect to Mrs. Gordon, the first $125,000.00 of the Settlement Amount (inclusive of the required Interest Payments) shall be nondischargeable pursuant to 11 U.S.C. § 523. Upon Trustee Kremen's receipt of the first $125,000.00 of the Settlement Amount (plus timely payment of all required Interest Payments up to the date of receipt of such $125,000.00), the balance of the Settlement Amount (inclusive of the required Interest Payments) shall be dischargeable as to Mrs. Gordon.

21. Further, as set forth in the Settlement Agreement, in the event that Trustee Kremen shall fail to receive a minimum of $125,000.00 of the Settlement Amount (plus timely payment of all required Interest Payments up to the date of receipt of such $125,000.00), the entire Settlement Amount shall be nondischargeable as to Mrs. Gordon.

22. As set forth in the Settlement Agreement, after consultation with counsel, the Gordons, agree and understand that a portion of the Settlement Amount shall be deemed to be nondischargeable pursuant to 11 U.S.C. § 523 (i.e., the $200,000.00 as to Mr. Gordon (the "Nondischargeable Eric Gordon Balance")) and $125,000.00 as to Mrs. Gordon if Mrs. Gordon shall fail to comply with the terms of the Settlement Agreement (the "Nondischargeable Laurie Gordon Balance" which collectively with the Nondischargeable Eric Gordon Balance shall be hereinafter referred to as the "Nondischargeable Amount") in jointly administered Case No. 12-22963-JFS or Case No. 12-24723-JFS, or in any future bankruptcy case filed by Mr. Gordon and/or Mrs. Gordon.

23. In agreeing to the Nondischargeable Laurie Gordon Balance and the Nondischargeable Eric Gordon Balance are not subject to discharge, the Gordons have acknowledged that they have been advised that (a) the Nondischargeable Amount will not be discharged in any bankruptcy proceeding where they are, or may become, a debtor; (b) they are not obligated by law, or otherwise, to agree to the nondischargeability of the Nondischargeable Amount; and (c) they have been advised of the consequences of agreeing to the nondischargeability of the Nondischargeable Amount. Notwithstanding these disclosures, the Gordons have agreed to the nondischargeability of the Nondischargeable Amount.

24. Trustee Kremen believes that the proposed Settlement Agreement is reasonable and fair and is in the best interest of the Bankruptcy Estate and its creditors.

**The Requested Relief**

WHEREFORE, Trustee Kremen requests that this Court enter an Order:

A.  Approving the proposed Settlement Agreement; and

B.  For such other and further relief as this Court deems just.

Respectfully submitted,

  /s/  Regan K. La Testa

DATE: October 22, 2014

Richard M. Kremen, Esquire (Bar No. 00532)
Regan K. La Testa, Esquire (Bar No. 26132)
DLA Piper LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209
Telephone:    (410) 580-4809
Facsimile:    (410) 580-3001

Attorneys for Richard M. Kremen, Chapter 7 Trustee for the Bankruptcy Estates of Eric Myles Gordon, Laurie Litz Gordon and the Gordon Institute for Sports Performance, LLC